UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KEVIN MICHAEL HAUSFELD USELMAN,

         Plaintiff,

v.

MARK DAYTON, and MARK RITCHIE,

         Defendants.

Civil No. 12-1168 (PJS/JJG)

**REPORT AND RECOMMENDATION**

Plaintiff is a Minnesota state prison inmate who is currently incarcerated at the Minnesota Correctional Facility in Rush City, Minnesota, ("MCF-RC"). He commenced this action by filing a self-styled pleading entitled "Class Action Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983." (Docket No. 1.)[1] The case has been assigned to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[2] For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted, and that this action should therefore be dismissed pursuant to §

---

[1] The complaint originally was brought by two co-Plaintiffs – Kevin Michael Hausfeld Uselman, who is the sole remaining Plaintiff, and Joshua Lawrence Johnson, who voluntarily dismissed all of his claims and withdrew from this case. (Doc. No. 7.) Joshua Lawrence Johnson is no longer a party to this case, and all references to "Plaintiff" herein should be understood to mean Kevin Michael Hausfeld Uselman.

[2] Plaintiff did not tender the requisite $350 filing fee with his complaint, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 3.) It appears from Plaintiff's IFP application that he may be unable to pay even the initial partial filing fee that prisoners are required to pay pursuant to 28 U.S.C. § 1915(b)(1). Thus, the Court finds, at least for now, that Plaintiff has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed

1915A(b)(1).

**I.     BACKGROUND**

Plaintiff is attempting to sue two Defendants – Mark Dayton, who is the Governor of Minnesota, and Mark Ritchie, who is the Minnesota Secretary of State.  All of Plaintiff's claims pertain to conditions and practices that allegedly exist at a treatment facility operated by the State of Minnesota, known as the "Minnesota Sex Offender Program," ("MSOP").  It appears that Plaintiff <u>might</u> have been confined at MSOP at some time in the past, or he <u>might</u> be expecting to be confined there at some time in the future, (although the complaint does not include any specific allegations about such matters).  However, Plaintiff was an inmate at MCF-RC when he commenced this action, and he continues to be a prisoner at that facility at this time.

Plaintiff's complaint does not describe any incidents or events at MSOP that have affected Plaintiff personally.  Instead, the complaint describes various circumstances that Plaintiff apparently believes exist at MSOP at this time.  It is alleged, for example, that MSOP detainees are being subjected to unconstitutional searches, they are being subjected to "cruel and unusual punishment," they are not allowed to freely communicate by means of mail, phone calls and visits, and they are being physically and mentally "abused" by the staff at MSOP.  Plaintiff apparently believes that Defendants are somehow responsible for the alleged unconstitutional conditions and practices at MSOP.  The complaint does not indicate what relief (if any) Plaintiff is seeking in this matter, but it can reasonably be inferred that he is seeking an injunction that would correct the alleged unconstitutional conditions and practices at MSOP.

---

directly to the initial screening process prescribed by § 1915A.

## II. DISCUSSION

Because Plaintiff is a prisoner who is attempting to sue government employees, (i.e., Minnesota's Governor and Secretary of State), his pleading is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1).

In this case, the Court finds that Plaintiff has failed to plead an actionable claim for relief, because his complaint does not describe any wrongful acts or omissions by Defendants that are causing any direct harm to Plaintiff <u>personally</u>. Plaintiff's complaint describes (in a vague and conclusory fashion) a host of allegedly unconstitutional conditions and practices at MSOP. However, Plaintiff is not presently confined at MSOP, so none of those alleged conditions and practices are affecting him. Moreover, there are no allegations showing that Plaintiff has been personally injured by any of the alleged conditions and practices described in his complaint. To the contrary, it clearly appears that Plaintiff is seeking relief solely for the benefit of someone else – namely current detainees at MSOP.

It is well settled, however, that a plaintiff cannot bring claims on behalf of other parties. "A federal court's jurisdiction... can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action.'"

Warth v. Seldin, 422 U.S. 490, 499 (1975), quoting Linda R.S. v. Richard D., 410 U.S. 614, 617 (1973) (emphasis added).  See also Red River Freethinkers v. City of Fargo, 679 F.3d 1015, 1022-23 (8th Cir. 2012) ("[t]o have standing, '[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief'") (quoting Allen v. Wright, 568 U.S. 737, 751 (1984)).  Thus, in order to bring an actionable claim for relief, "[a] prisoner must allege a personal loss[;]... [he] lacks standing to bring claims alleging mistreatment of other prisoners."  Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).  See also Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (prisoner failed to state an actionable claim for relief because he "failed to allege that it was he, rather than other prisoners, who was subjected to certain allegedly unconstitutional conditions"); Hooker v. Pazera, No. 3:92-CV-715RM (N.D.Ind. 1996), 1996 WL 476658 at *4 (prisoner "has no standing to assert the rights of other prisoners and may only challenge violations of his own rights") (citing Martin and 22 other cases holding that prisoners may sue only for their own injuries).

In this case, Plaintiff has not described any act or omission by Defendants that has caused him any actual or threatened injury.  Again, it plainly appears that Plaintiff is seeking relief for the benefit of current detainees at MSOP.  However, Plaintiff lacks standing to seek such relief.  Because Plaintiff has failed to allege any facts showing that he has been, or is being, personally harmed by Defendants, his complaint does not present an actionable claim for relief.

### III.   CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff has failed to plead a cause of action on which relief can be granted.  The Court will therefore recommend that

this case be summarily dismissed pursuant to 28 U.S.C. § 1915A(b), and that Plaintiff's application for leave to proceed IFP, (see n. 2, supra), be denied.  See 28 U.S.C. § 1915(e)(2)(B)(ii).

Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $350 filing fee.[3]  To date, Plaintiff has not paid any fee at all, so he still owes the full $350 fee.  Prison officials will have to deduct that amount from Plaintiff's prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).  Lastly, the Court will also recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV.   RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1.   Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 3), be **DENIED**;

2.   This action be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3.   Plaintiff be required to pay the unpaid balance of the Court filing fee, namely

---

[3] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action.  However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee."  In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee.  Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time").  Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee.  See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

the full $350, in accordance with 28 U.S.C. § 1915(b)(2); and

    4.    The dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).


Dated: June 29, 2012                          *s/ Jeanne J. Graham*
                                                    JEANNE J. GRAHAM
                                                    United States Magistrate Judge


**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **July 16, 2012**. A party may respond to the objections within fourteen (14) days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.